IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS L. COATS, | ) | CASE NO. 3:13 CV 2607 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

# Introduction

**A.     Nature of the case and proceedings**

Before me[1] is an action by Curtis L. Coats under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and

---

[1] ECF # 12. The parties have consented to my exercise of jurisdiction.

[2] ECF # 1.

[3] ECF # 8.

[4] ECF # 9.

[5] ECF # 4.

procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] They have participated in a telephonic oral argument.[10]

**B.     Background facts and decision of the Administrative Law Judge ("ALJ")**

Coats, who was 47 years old at the time of the decision and, therefore, a "younger individual,"[11] has a limited education that does not include graduation from high school or a GED and has worked in the past as a supervisor of landscape laborers, a truck driver, and a warehouse worker.[12]

The ALJ, whose decision became the final decision of the Commissioner, found that Coats had the following severe impairments: degenerative disc disease with foraminal stenosis, degenerative joint disease of the right shoulder, bipolar disorder, social phobia, major depressive disorder, chronic obstructive pulmonary disease, and asthma.[13]

---

[6] ECF # 10.

[7] ECF # 17 (Coats's brief); ECF # 18 (Commissioner's brief); ECF # 19 (Coats's reply brief).

[8] ECF # 17-1 at 3-6 (Coats's charts); ECF # 18-1 (Commissioner's charts).

[9] ECF # 17-1 at 1-2 (Coats's fact sheet).

[10] ECF # 27.

[11] Transcript ("Tr.") at 24.

[12] *Id.*

[13] *Id.* at 16-17.

After concluding that the relevant impairments did not meet or equal a listing,[14] the ALJ made the following finding regarding Coats's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he is limited to only occasional climbing of stairs and ladders, crouching, crawling, kneeling, stooping/bending, he must avoid continuous exposure to pulmonary irritants; and, he is able to occasionally reach overhead with the dominant, right upper extremity. Additionally, the claimant is limited to work that is simple, routine, and repetitive and that allows him to control the pace. He is further limited to occasional contact with co-workers, supervisors, and the general public. He also needs the opportunity to alternate between sitting and standing, as he desires, while engaged in the work.[15]

The ALJ decided that this residual functional capacity precluded Coats from performing his past relevant work.[16]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the RFC finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Coats could perform.[17] The ALJ, therefore, found Coats not under a disability.[18]

---

[14] *Id*. at 17-19.

[15] *Id.* at 19-20.

[16] *Id.* at 24.

[17] *Id.* at 25.

[18] *Id.* at 25.

**C.     Issues on judicial review and decision**

Coats asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Coats presents the following issues for judicial review:

- The ALJ found that Coats's impairments do not meet any listing, and specifically the listing for Section 1.04 (disorders of the spine) or Section 12.04 (affective disorder). Does substantial evidence support that finding?

- The ALJ found that Coats had the RFC for sedentary work, with a sit/stand option, with additional postural and environmental limitations and with mental limitations regarding the complexity and pace of work and interaction with others. Does substantial evidence support this finding?[19]

For the reasons that follow, I will conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

**A.     Standard of review – substantial evidence**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by

---

[19] *See,* ECF # 17 at 1.

  this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "

  The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[20]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[21] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[22]

  I will review the findings of the ALJ at issue here consistent with that deferential standard.

**B. Application of standard**

  Coats's initial argument is that: (1) his degenerative disc disease with foraminal stenosis met or equaled the listing in Section 1.04 for disorders of the spine, and (2) his bipolar disorder, social phobia, and manic depressive disorder met or equaled the listing in Section 12.04 applicable to mental impairments.[23] In that regard, Coats contends that, based

---

[20] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[21] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[22] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[23] ECF # 17 at 9-16.

-5-

on those portions of the record cited in his brief, there is substantial evidence in the record to find that he met or equaled the two listings.[24] Moreover, Coats asserts that the ALJ's failure to adequately articulate the reasons why he did not meet or equal the listings is itself a basis for a remand.[25]

As to the listing for Section 1.04, the ALJ found that Coats did not have a spinal disorder resulting in a compromise of the nerve root or the spinal cord with evidence of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis resulting.[26] To that point, the Commissioner contends first that because there is no evidence that Coats has a listed disorder resulting in nerveroot compression, he cannot satisfy all the criteria of Section 1.04 and so did not meet this listing.[27]

Concerning the listing for Section 12.04, the Commissioner contends that the ALJ did not err by concluding that Coats failed to meet the "C" criteria of that listing.[28] To that end, the Commissioner cites, among other things, to the findings of the state agency reviewing psychologist who concluded that Coats did not meet the "C" criteria of Section 12.04.[29] The Commissioner also notes that the ALJ found that Coats did not establish that he "has an

---

[24] *Id*.

[25] *Id*. at 14.

[26] Tr. at 17-18.

[27] ECF # 18 at 16,

[28] *Id*. at 16-18.

[29] *Id*. at 17 (citing transcript).

inability to function outside of a highly supportive living arrangement, has a residual disease process that would result in decompensation due to even a slight increase in mental demands or change in environment, or a complete inability to function outside of his home."[30] Moreover, the ALJ found that Coats produced no evidence of "repeated episodes of decompensation."[31]

That said, however, oral argument on these issues narrowed and framed the disputed points beyond the briefs. As regards Section 1.04, the dispute has become whether Coats's impairment resulted in an inability to ambulate effectively as set forth in Section 1.00B2b. The Commissioner agreed that the ALJ's finding at step two of degenerative disc disease with foraminal stenosis indicates the presence of nerve root compression. And the issue concerning Section 12.04 is now whether Coats's receipt of assistance in his home is equivalent to living in an institutional setting and so qualifies as a "highly supportive living arrangement" under the regulations.

I note first that the ALJ here has not done an exemplary job in articulating her reasoning or in citing to specific portions of the transcript that support her conclusions. Far too much of the Commissioner's argument is devoted to locating support in the record that the ALJ should have noted. But, that said, this case does not present the particular articulation requirements imposed by the good reasons requirement of the treating physician

---

[30] Tr. at 19.

[31] *Id.*

rule.[32] Nor has Coats argued that the ALJ failed to articulate reasons at step three why all the severe impairments at step two did not meet or equal a listing.

Further, Coats has not presented evidence demonstrating that his impairment medically equaled a listing. As the Sixth Circuit has stated, a claimant may show that an impairment, though not listed, equals a listed impairment, only by presenting "medical findings equal in severity to *all* the criteria for the most similar listed impairment."[33] Coats has not met that test.

Thus, the matter actually before me essentially involves the basic question of whether the Commissioner's conclusion is supported by substantial evidence. As noted, that standard involves reading the record holistically and accepting the Commissioner's decision if it is based on evidence in the record that reasonable minds would support.

---

[32] Coats does argue that the ALJ should not have dismissed the one-sentence, conclusory opinion of his treating primary care physician, Dr. Anuradha Rameneni, as having no weight. That statement – that Coats is unable to work due to his medical problems for 12 months or more – was discounted by the ALJ because the ultimate determination of disability is a matter reserved for the Commissioner under the regulations and because Dr. Rameneni's single sentence was not supported by any treatment records. Nothing in that decision is contrary to the mandate of the good reasons requirement of the treating physician rule since the ALJ offered adequate reasons on the record, capable of meaningful judicial review, for not affording the conclusory remark by Dr. Rameneni any weight. *See*, *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 651 (6th Cir. 2009). Indeed, courts have found that such single sentence conclusions on disability do not constitute a "medical opinion" at all under the regulations and is so not implicated by the good reasons requirement of the treating physician rule. *Dunlap v. Comm'r of Soc. Sec.*, 509 F. App'x 472, 476 (6th Cir. 2012).

[33] *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 710 (6th Cir. 2013) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in original).

Here, the foundation for the ALJ's conclusion regarding Section 1.04 and Coats's ability to ambulate effectively, while not precisely articulated in the context of an analysis of that Section, can nevertheless be located in the opinion itself where the ALJ summarized evidence from an examining physician showing that Coats was able to walk on tiptoes and heels and with a normal gait.[34] Moreover, the ALJ noted that Coats received only a single treatment for pain on his right side but did not seek further such treatment.[35] Thus, while accepting that Coats had some limitations related to ambulation, the ALJ concluded that it was not as severe as Coats alleged.[36]

Absent more, this evidence and articulation is sufficient to constitute substantial evidence in support of the Commissioner's finding that Coats did not meet the listing at Section 1.04.

As to Section 12.04, the ALJ's opinion[37] contains reference to the opinion of state reviewing psychologist Paul Tangeman, Ph.D., which specifically found that Coats did not meet the "C" criteria of Section 12.04.[38] Again, while it would be preferable for the ALJ to have more directly stated that Dr. Tangeman's opinion is a basis for finding the "C" criteria not met in this case, the ALJ's decision does contain a reference to this opinion that, read

---

[34] Tr. at 21.

[35] *Id*.

[36] *Id*.

[37] *Id*. at 23.

[38] Tr. at 101-02.

holistically within the decision itself, can establish that this opinion was a basis for the ALJ's finding. And an ALJ may rely on the finding of a reviewing medical source for the conclusion that a claimant does not meet a listing.[39]

Thus, I find that substantial evidence supports the ALJ's decision that Coats did not meet the listing at Section 12.04.

Finally, to the extent that Coats now asserts that the RFC is incorrect in not including a limitation that he would need to be off-task for 20 percent of the workday,[40] although the record does show that the ALJ posed this limitation to the VE as a hypothetical question, no source or no evidence in the record supports a finding that Coats would need to be off-task for that amount of time. Coats's attempt to rely on the one-sentence conclusory statement of Dr. Rameneni for this position is flawed for the reasons given earlier.

## Conclusion

Accordingly, for the reason stated above, I find that substantial evidence supports the finding of the Commissioner that Coats had no disability. The denial of Coats's applications is, therefore, affirmed.

IT IS SO ORDERED.

Dated: December 9, 2014                               s/ William H. Baughman, Jr.
                                                      United States Magistrate Judge

---

[39] *See*, *Lee*, 529 F. App'x at 712.

[40] ECF # 17 at 19.